NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 612M, <br><br> Petitioner, <br><br> v. <br><br> NEXTWAVE WEB, LLC, <br><br> Respondent. | Civil Action No. 11-02342 (CCC) <br><br> OPINION |

**CECCHI, District Judge:**

**I.   INTRODUCTION**

This matter is before the Court upon Petitioner Graphic Communications Conference, International Brotherhood of Teamsters, Local 612M's ("Petitioner") motion to confirm an arbitration award issued by Stephen J. Rosen on April 7, 2011, and Respondent Nextwave Web, LLC's ("Respondent") cross-motion to vacate the award. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78.[1] For the following reasons, the Court grants Petitioner's motion to confirm the arbitration award and denies Respondent's cross-motion to vacate the award.

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

**II.     BACKGROUND**

Petitioner and Respondent were parties to a collective bargaining agreement from January 1, 2010 through December 31, 2010 (the "CBA"). (Pet. Ex. A.)  On December 30, 2010, the parties executed a memorandum of agreement extending the CBA through December 31, 2011 with certain modifications not relevant to this case. (Pet. Ex. B.)  The relevant provisions of the CBA are as follows: Article 11 § 1 of the CBA provides that any grievance arising out of or involving the interpretation, construction, or application of any provision of the CBA that is not settled amongst the parties may be submitted to arbitration. (Pet. Ex. A.)  Article 11 § 2 goes on to state that if a matter is submitted to arbitration, "the authority of the arbitrator is limited to an interpretation of the provisions of this Agreement, and that the arbitrator has no authority, in any way, to alter, modify, substitute, change, add to, or delete any terms of this Agreement." (*Id.*)  Pursuant to Article 20, non-union employees are not permitted to perform work customarily performed by employees covered by the CBA except to maintain essential services, for training purposes, or in case of emergency. (*Id.*)

On July 13, 2010, Respondent notified Petitioner that it had laid-off union employee Lynette Gorte ("Gorte") due to the closure of its mailing department. (Pet. Ex. C.)  The following day, Petitioner submitted a grievance to Respondent in which Gorte asserted that non-union employees were performing work she had customarily performed and requesting to be made whole. (Pet. Ex. D.)  After the parties were unable to reach a settlement, Petitioner submitted its grievance to arbitration. (Pet. ¶ 9.)  A hearing was held before Arbitrator Stephen J. Rosen (the "Arbitrator") on February 22, 2011, at which the parties were given an opportunity to present their arguments and introduce evidence. (Pet. Ex. E.)  Sometime thereafter, the parties submitted post-hearing briefs. (*Id.*)  On April 7, 2011, the Arbitrator issued an Arbitrator's Opinion and

Award (the "Award") in favor of Respondent. (*Id.*) Specifically, the Arbitrator found that a non-union employee had been assigned to operate Respondent's Xerox copier (the "Copier"). (*Id.*) Although the employee had not been specifically hired to replace Gorte, the Arbitrator concluded that operation of the Copier was union work, which Gorte had performed prior to being laid-off. (*Id.*) Therefore, the Arbitrator ordered Respondent to reinstate Gorte with seniority, benefits, and two weeks back pay. (*Id.*)

On April 25, 2011, Petitioner filed a motion to confirm the Award. On July 19, 2011, Respondent filed a cross-motion to vacate the award, arguing that the Arbitrator had exceeded his authority under the CBA and relevant case law by reinstating Gorte and concluding that operation of the Copier was covered under the CBA. (Resp. Br. 7-14.) Respondent also claims that it was not afforded a full and complete opportunity to present evidence or conduct an adequate cross-examination of witnesses. (*Id.*) Petitioner opposes Respondent's cross-motion.

### III.     LEGAL STANDARD

Review of an arbitration award is extremely limited and conducted under a highly deferential standard. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987). "Our role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator." *Major League Umpire's Ass'n v. Am. League of Prof. Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2002). "Instead, arbitration awards are entitled to a strong presumption of correctness, which can only be overcome in extremely narrow circumstances." *TQM Constr. Co. v. N.J. Bldg. Constr. Laborers Dist. Council, Local 394*, Civ. No. 11-831, 2011 U.S. Dist. LEXIS 37222, *6-7 (D.N.J. Apr. 4, 2011). A party seeking to vacate an award bears the burden of proving that the award at issue should be overturned. *Handley v. Chase Bank*, 387 Fed. Appx. 166, 168 (3d Cir. 2010)

("The party seeking to overturn an award bears a heavy burden, as these are 'exceedingly narrow circumstances,' and courts accord arbitration decisions exceptional deference.") (citing *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)).

Pursuant to the Federal Arbitration Act ("FAA"), a court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Generally, a court will only vacate an arbitration award if it reflects a manifest disregard for the collective bargaining agreement or is entirely unsupported by the record. *Exxon Shipping Co. v. Exxon Seaman's Union*, 73 F.3d 1287, 1291 (3d Cir. 1996). "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." *United Paperworkers Int'l Union*, 484 U.S. 36 (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960)). "An award draws its essence from a collective bargaining agreement if the arbitrator's interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Local 4-406 United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied-Indus., & Serv. Workers Int'l Union v. IMTT-Bayonne, Inc.*, Civ. No. 09-05380, 2010 U.S. Dist. LEXIS 36792, *4 (D.N.J. Apr. 14, 2010) (citation omitted). If the arbitrator was even

arguably applying the collective bargaining agreement and acting within the scope of his authority, the fact that a court is convinced that he committed a serious error does not suffice to vacate his award. *United Paperworkers Int'l Union*, 484 U.S. 38. "Neither a court's disagreement with the arbitrator's construction of a contract nor its belief that its interpretation of a contract is better justifies a court overruling the arbitrator." *Exxon Corp. v. Local Union 877, Int'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 980 F. Supp. 752, 760 (D.N.J. 1997) (citing *News America Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990)).

## IV.     DISCUSSION

Respondent seeks to vacate the Award on the grounds that (1) the Arbitrator exceeded the scope of his authority by finding that operation of the Copier was union work, and (2) the Arbitrator did not afford Respondent a full and complete opportunity to present evidence or conduct an adequate cross-examination of witnesses. The Court will address each argument in turn.

### A.     The Arbitrator Did Not Exceed the Scope of His Authority

Article 1 of the CBA (the "Recognition clause") states as follows: "Nextwave Web, LLC recognizes the Union as the sole and exclusive bargaining agent for all employees covered by this Agreement, including: Journeymen Pressman, Prep Department, Bindery Department, Shipping & Receiving, Truck Driver(s), Litho Helpers and Casual workers." (Pet. Ex. A.) Respondent claims that the Arbitrator exceeded his authority by finding that the Copier was customarily operated by union employees. Specifically, Respondent asserts that Xerox operation is not included in any of the work categories set forth in the Recognition clause. Thus,

Respondent argues, the Arbitrator's conclusion that operation of the Copier was within the scope of the CBA went beyond his authority.

The Arbitrator held a hearing on February 22, 2011, at which both parties were present. The parties then filed post-hearing briefs, which the Arbitrator reviewed prior to issuing his decision. In the Award, the Arbitrator stated that both parties were granted full opportunity to examine and cross-examine witnesses and full latitude to introduce evidence. After considering the relevant testimony and evidence proffered by the parties, the Arbitrator cited and reviewed certain relevant provisions of the CBA[2] prior to concluding that operation of the Copier was union work.

This Court, as discussed *supra*, must enforce the Award so long as the Arbitrator arguably applied the CBA and acted within the scope of his authority. *United Paperworkers Int'l Union*, 484 U.S. 38. The Recognition clause does not specifically exclude Xerox operation from union work; it merely sets forth some of the work categories that are covered by the CBA. Moreover, Respondent does not explain why a Xerox operator cannot be considered a casual worker pursuant to the CBA. As such, Respondent has failed to show that the Arbitrator exceeded his authority by finding that Xerox operation was covered by the CBA. In making his decision, the Arbitrator considered the testimony and evidence, as well as the relevant provisions of the CBA. The parties did not dispute that Gorte had been trained to operate the Copier at least two to three months prior to her being laid-off and that a non-union employee had subsequently been assigned to operate it. As previously noted, the CBA does not permit non-union employees to perform work customarily performed by union employees. (Pet. Ex. A, Art. 20.) Accordingly, the Arbitrator's conclusion that Respondent breached the CBA can be rationally derived from its

---

[2] Specifically, the Arbitrator cited portions of Articles 1, 11, 19, and 20 of the CBA. (Pet. Ex. E.)

language and context. Therefore, the Court finds that the Award drew its essence from the CBA and is supported by the record.

### B.     Respondent's Second Claim Fails

Respondent seeks to vacate the Award on the grounds that the Arbitrator deprived it of the opportunity to have an informed proceeding. As discussed supra, Respondent bears the heavy burden of showing that the Award should be overturned. *Handle*, 387 Fed. Appx. 168. In its cross-motion[3], Respondent generally asserts that it was not given every opportunity to present evidence or to conduct adequate cross-examination of witnesses, but does not point to any specific examples.[4] Petitioner argues and the Court agrees that Respondent's claim should be dismissed as it does not identify any evidence precluded by the Arbitrator or show how such evidence related to a determinative issue.[5] Moreover, Respondent does not assert that, as a result of the Arbitrator's evidentiary decision, the Award failed to draw it essence from the CBA. Accordingly, Respondent's claim cannot serve as a basis for vacating the Award.[6]

---

[3] Respondent made no such claim during the hearing or in its post-hearing brief. Petitioner argues that Respondent waived its claim by not asserting it during the hearing. Because Respondent's claim fails on other grounds, the Court will not address this issue.

[4] Respondent cites to one case in support of its claim. In *TQM Constr. Co. v. N.J. Bldg. Constr. Laborers Dist. Council, Local 394*, Civ. No. 11-831, 2011 U.S. Dist. LEXIS 37222, *4 (D.N.J. Apr. 4, 2011), the court noted that the arbitrator found that each party had a full and complete opportunity to present evidence and examine witnesses. In this case, the Arbitrator made the exact same finding. (Pet. Ex. E.) Thus, the Court fails to understand how *TQM* supports Respondent's claim.

[5] The same argument would apply to Respondent's claim that it was not given every opportunity to conduct cross-examination of witnesses.

[6] In support of its argument, Petitioner cites to *Sys. Council U-3 of the Int'l Bhd. of Elec. Workers v. Jersey Cent. Power & Light Co.*, Civ. No. 07-5248, 2009 U.S. Dist. LEXIS 15562 (D.N.J. Feb. 25, 2009), which is precisely on point. "Even if this Court agreed - which it does not - that the [Arbitrator] did not give [Respondent] a full opportunity to present all the evidence it desired, [Respondent's] approach still strays from the relevant legal test: did the decision, as a whole, fail to draw its essence from the CBA? [Respondent] does not even assert that, as a result of the [Arbitrator's] evidentiary decision, the arbitration award fails this test." *Id.* at *25.

## V. CONCLUSION

For the reasons stated, Petitioner's motion to confirm the arbitration award is **granted** and Respondent's cross-motion to vacate the award is **denied**. An appropriate Order accompanies this Opinion.

DATED: February 8, 2012                        s/Claire C. Cecchi
                                                                                    **CLAIRE C. CECCHI, U.S.D.J.**